BOSTON & A. R. CO. (WILLIAMS v.). See Case No. 17,716.

BOSTON & F. IRON WORKS (CHILD v.). See Cases Nos. 2,674 and 2,675.

BOSTON & L. R. CO. (ASHCROFT v.). See Case No. 577.

BOSTON & L. R. CO. (SALEM & L. R. CO. v.). See Case No. 12,249.

BOSTON & P. R. CO. (WINANS v.). See Case No. 17,858.

BOSTWICK (CARTWRIGHT v.). See Case No. 2,481.

---

## Case No. 1,682.

### BOSTWICK v. FOSTER.

[14 Blatchf. 436;[1] 18 N. B. R. 123.]

Circuit Court, D. Vermont. April 19, 1878.

BANKRUPTCY—MORTGAGE BY BANKRUPT—LIEN—VALIDITY.

L. executed a mortgage to A., his brother, in Vermont, to secure a pre-existing debt, more

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

than two months before a petition in bankruptcy was filed against L. The mortgage was not recorded until within two months before such petition was filed: *Held*, that the mortgage was not fully made, under the laws of Vermont, as against the assignee in bankruptcy of L., until it was recorded.

[Cited in Re Oliver, Case No. 10,492.]

[In equity. Bill by J. Hoyt Bostwick, assignee in bankruptcy, to set aside a mortgage by the bankrupt to defendant, Addi M. Foster. Decree for complainant.]

Fifield, Pitkin & Porter, for orator.
Wilder L. Burnap, for defendant.

WHEELER, District Judge. This is a bill in equity brought by the orator, as assignee in bankruptcy of the estate of Lemuel P. Foster, to set aside a mortgage executed by the bankrupt to the defendant, his brother, on the 6th day of July, 1876, and recorded on the 1st day of August, 1876, made to secure pre-existing debts. The petition in bankruptcy was involuntary, and was filed September 8th, 1876, more than two months after the making, but within two months of the recording of the mortgage. No question is made but that the bankrupt was insolvent at the time of making the mortgage and continued to be so afterwards. The proof shows there were other debts of which the defendant knew, and that he must have known, if he considered the facts before him, that the mortgage was made to give him a preference over other creditors, and, so, that it was made in fraud of the provisions of the bankrupt law, intended for the equal distribution of the property of bankrupts among their creditors, and that he had reasonable cause to believe that the bankrupt was insolvent. Upon these facts, if this mortgage was made within two months of the filing of the petition in bankruptcy, within the meaning of the bankrupt law, under the laws of the state, it is void and should be set aside; if not, it is valid, and should be upheld.

Under the laws of the state the mortgage was not "good and effectual in law to hold such lands against any other person but the grantor and his heirs only," without being recorded. Gen. St. p. 448, § 7. Under this statute, the mortgage could not be made effectual against any one but the bankrupt and his heirs, without including recording it, as a substantial part of the evidence. If the assignee is a mere representative of the bankrupt, and has only his rights, the instrument is as effectual against him as against the bankrupt, without recording. But, under the bankrupt law, the assignee, in some senses, represents the creditors as well as the bankrupt, and has some rights, under some circumstances, in their favor, that the bankrupt himself could not have. The assignment by the judge or register to the assignee conveys not only "all the estate, real and personal, of the bankrupt," subject

to the exemptions, but, "all property conveyed by the bankrupt in fraud of his creditors" is at once vested in the assignee. Rev. St. §§ 5044, 5046. Under the laws of the state, the bankrupt did not represent his creditors, so that the mortgage, because it was valid against him, would be against them, without registration. Hart v. Farmers' Bank, 33 Vt. 252.

If a conveyance by a debtor, upon a new and valuable consideration, might be good against a mere creditor advancing no new consideration, without the registry or any notice of the conveyance, on account of the superior equity of the purchaser, as might appear from the remarks of the learned chief justice, in the case mentioned, that could not avail the defendant here, for he advanced no new consideration whatever, and, according to his own testimony, did not even seek the security, and can have no superior equity to stand upon.

So, under the law of the state, registration of the mortgage was necessary to make it operative for the purpose here sought for it by the defendant. Under the bankrupt law, it was not fraudulent as to creditors, so it would always be void against them. But, by the express provisions of the act, it would become so upon the institution of bankruptcy proceedings within two months from the time it was made, and the property, as against the assignee, would be vested in him.

In this view, this mortgage was not fully made, as against the assignee, until it was recorded, and, as that was within two months of the filing of the petition, it was void, or became so when the petition was filed, as against him.

In Exchange Bank v. Harris [Case No. 6,-119] it was found, that an intended security was kept from the registry by agreement, from before till within the prescribed time, and that, under those circumstances, it was not made until registration. In this case it does not appear that there was any express agreement that the mortgage should not be left for record, but, whether there was or not, it was kept from the record by the failure of the defendant, through the intentional or unintentional neglect of the bankrupt, to whom he intrusted it, to leave it for record, and it was the fault of no one else, and the effect upon the creditors, as to notice of the mortgage, was the same as if it had been purposely done by express agreement. The lack of notice, which the registry would have given, was the result of his own neglect, or that of his brother acting for him, and the consequences should fall upon him, the same as if he had designedly connived at the lack.

Let a decree be entered that the mortgage be set aside as to the orator, as assignee, and that the defendant be restrained from setting up any claim against the orator, as assignee, under it, with costs to the orator.